| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>KASEN & KASEN, P.C.<br>David A. Kasen, Esq. (NJ Bar No. 262881970)<br>Society Hill Office Park, Suite 3<br>1874 E. Marlton Pike<br>Cherry Hill, New Jersey 08003<br>Telephone: (856) 424-4144<br>Facsimile: (856) 424-7565<br>E-Mail: dkasen@kasenlaw.com<br>*Counsel to Creditor, James Pine & Son Trucking* | |
| In the Matter of:<br><br>James Pine & Son Trucking, LLC,<br><br>                Debtor(s). | Chapter 11 (Subchapter V)<br><br>Case No.: 23-19461-JNP<br><br>Judge: Poslusny<br><br>Hearing Date: TBD<br><br>**VALUATION BRIEF ON BEHALF OF DEBTOR, JAMES PINE & SON TRUCKING, LLC** |

      The Debtor wishes to retain the 2016 Peterbilt Model 367 Tri Axle Dump Truck which is a piece of the collateral of Universal Finance Corp. ("Universal") that secures its claim. The issue has arisen as to the method of valuation of that vehicle. In order to get a full picture with regard to the secured claim of Universal, certain facts must be considered. Attached as Exhibit "A" is a copy of the amended proof of claim filed by Universal. As part of that proof of claim, on page 18, it shows a certificate of title to the vehicle in question with the owner being the debtor and the lien holder being Universal. Attached as Exhibit "B" is a chart showing the results of the disposition of collateral returned to Universal by the debtor or seized by Universal

1

prior to the date of the filing of the petition and liquidated by Universal. Also on the chart is a column showing the liquidation value attributed to each piece of collateral held by Universal as attributed by Universal's appraiser, Alan Atkins. A copy of Alan Atkins appraisal done for the secured creditor Universal Finance, is attached hereto as Exhibit "C".

At first, the debtor thought the proper method of valuation of the 2016 Peterbilt was replacement value. However, a closer reading of the statute, namely Section 506 and the U.S. Supreme Court case of *Associates Commercial Corp. v. Rash 520 U.S.953(1997)* leads the undersigned to a different conclusion. The Rash case dealt with a chapter 13 debtor (not a chapter 11 debtor) and retention by that chapter 13 debtor of a truck. Section 506(a)(1) states as follows:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. <u>Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest</u>."

[Emphasis added.]

Section 506(a)(2) states as follows:

> "<u>If the debtor is an individual in a case under chapter 7 or 13</u>, such value with respect to personal property securing an allowed claim shall be determined <u>based on the replacement value of such property as of the date of the filing of the petition</u> without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for

2

property of that kind considering the age and condition of the property at the time value is determined."

[Emphasis added.]

The debtor before this court is not an individual under chapter 7 or chapter 13, but is a debtor LLC under a subchapter V chapter 11 case filed with the court on October 26, 2023. Thus, the method of valuation with respect to property securing an allowed claim that the debtor wishes to retain and use is not the replacement value of such property as of the date of the filing of the petition because the debtor is not an individual in a case under chapter 7 or chapter 13. While *Associates Commercial Corp., id,* is instructive with regard to valuation because it involves a debtor who wishes to keep a truck and pay the secured creditor over the life of the plan, it is not dispositive as to how the truck in our case should be valued. In *Associates Commercial Corp.*, the Supreme Court stated as follows:

> "If a secured creditor does not accept a debtor's Chapter 13 plan the debtor has two options for handling allowed secured claims: surrender the collateral to the creditor, see §*1325(a)(5)(C)*; or, under the cram down option, keep the collateral over the creditor's objection and provide the creditor, over the life of the plan, with the equivalent of the present value of the collateral, see § *1325(a)(5)(B).*

[Id at 962]

Section 1325(a)(5)(B) states as follows:

> "(a)Except as provided in subsection (b), the court shall confirm a plan if—
> …
> (5)with respect to each allowed secured claim provided for by the plan—
> …
> (B) (i)the plan provides that—
> (I)the holder of such claim retain the lien securing such claim until the earlier of—

3

> > (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> > (bb) discharge under section 1328; and
> 
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
> > (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> > (iii) if—
> > > (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> > > (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or"

So now, since the debtor is not a chapter 7 or chapter 13 debtor, we should look to the provisions in 11 U.S.C. § 1181 et seq. The first section of chapter 11 subchapter V, § 1181(a) tells us the sections that don't apply to subchapter V. Not specified as not applying to a subchapter V is § 1129(a)(7). Therefore, §1129(a)(7) does apply to subchapter V cases. § 1129(a)(7)(A) states as follows:

> "(7) With respect to each impaired class of claims or interests—
> > (A) each holder of a claim or interest of such class—
> > > (i) has accepted the plan; or
> > > (ii) <u>will receive or retain under the plan</u> on account of such claim or interest <u>property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;</u> or"

[Emphasis added.]

It indicates part of what is needed to confirm a chapter 11 plan.

4

Under Section 1191 entitled Confirmation of a Plan which sets forth the criteria for confirming a plan in a subchapter V case, Section (c)(1) Rule of Construction states as follows:

> "(c) Rule of Construction – For purposes of this section, the condition that a plan be fair and equitable with respect to each class of claims or interests includes the following requirements:
> (1) <u>With respect to a class of secured claims, the plan meets the requirements of section 1129(b)(2)(A) of this title</u>."

[Emphasis added.]

Section 1129(b)(2)(A) reads as follows:

> "(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
> (A) With respect to a class of secured claims, the plan provides—
> (i)(I) that <u>the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor</u> or transferred to another entity, to the extent of the allowed amount of such claims; and
> (II) <u>that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan</u>, of at least the value of such holder's interest in the estate's interest in such property;
> (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
> (iii) for the realization by such holders of the indubitable equivalent of such claims."

[Emphasis added.]

The words of the statute, namely section 1129(a)(7)(A), indicate that with respect to an impaired class, each holder of the class will receive or retain under the plan on account of its claim, property of a value as of the effective date of the plan that is not less then the amount that

such holder would receive or retain if the debtor would <u>liquidated</u> under chapter 7 on the effective date of the plan.

Thus, if the holder of an impaired claim, such as Universal, is receiving an amount that is not less than Universal would receive if the debtor was liquidated under chapter 7 on the effective date of the plan, then the method of valuation is what the creditor could attain through forced sale on the effective date of the plan and liquidated under Chapter 7 on the effective date of the plan.

## ADDITIONAL INFORMATION TO CONSIDER

The total liquidation value of the eight trucks given back to the secured creditor as attributed by Alan Atkins, is $133,500. The actual value generated by Universal through sale of the eight trucks is $121,550. It's obvious that the liquidation value attributed by Alan Atkins to the trucks is not accurate and, therefore, we can't rely upon the $65,000 valuation attributed by Alan Atkins as the liquidation value of the 2016 Peterbilt. The burden of proof is on the secured creditor to demonstrate the value of an allowed secured claim by a preponderance of the evidence. See *Wheeling & Lake Erie Ry. Co. v. Keach (In re <u>Montreal, Me & Atl. Ry.</u>)*, 956 F.3d 1 (1st Cir. 2020). Thus, the court should fix the liquidation value as of the effective date of the plan of the 2016 Peterbilt only after hearing testimony with regard to the liquidation value of that truck as of the effective date of the plan.

## CONCLUSION

Thus, it appears to the undersigned that under subchapter V of chapter 11, the proper method to value an asset that the debtor wishes to keep and give a continuing lien to the creditor, is the liquidation value under chapter 7 on the effective date of the plan. This is what the code

section for a subchapter V case specifies in order to confirm a case under subchapter V when the creditor has not accepted the plan.

|  |  |
|---|---|
| Dated: September 6, 2024 | Respectfully submitted,<br>KASEN & KASEN, P.C.<br><br>*/s/ David A.. Kasen*<br>David A. Kasen, Esq.<br>Society Hill Office Park, Suite 3<br>1874 E. Marlton Pike<br>Cherry Hill, New Jersey 08003<br>Telephone: (856) 424-4144<br>Facsimile: (856) 424-7565<br>E-Mail: dkasen@kasenlaw.com<br>*Counsel to Debtor, James Pine & Son Trucking, LLC* |

7