UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**
KASEN & KASEN, P.C.
David A. Kasen, Esq. (NJ Bar No. 262881970)
Society Hill Office Park, Suite 3
1874 E. Marlton Pike
Cherry Hill, New Jersey 08003
Telephone: (856) 424-4144
Facsimile: (856) 424-7565
E-Mail: dkasen@kasenlaw.com
*Counsel to Creditor, James Pine & Son Trucking*

| | |
|---|---|
| In the Matter of:<br><br>James Pine & Son Trucking, LLC,<br><br>      Debtor(s). | Chapter 11 (Subchapter V)<br><br>Case No.: 23-19461-JNP<br><br>Judge: Poslusny<br><br>Hearing Date: TBD<br><br>**REPLY BRIEF IN OPPOSITION TO VALUATION BRIEF FILED BY UNIVERSAL FINANCE** |

  On September 6, 2024, the debtor filed its valuation brief (D.I. 75). On that same date, Universal Finance filed its valuation brief (D.I. 76). This brief is in opposition to the brief filed by Universal Finance.

  One of the basic tenants of bankruptcy law is that courts should be bound by the plain meaning of the Bankruptcy Code unless there is ambiguity with respect to the specific code section. Our case is a chapter 11 subchapter V case. One of the cases cited by Universal Finance is *Associates Commercial Corp. v. Rash 520 U.S.953(1997)*, which is a chapter 13 case. Universal also cites to *In Re Heritage Highgate Inc.* 679 F.3d 132 (3d Cir. 2012), *In Re Museum of Am. Jewish Hist.,* 2021 U.S. App.Lexis 40051, and *In Re Buena Vista Oceanside, LLC*, 479

1

B.R. 342 (Bankr. W.D. Pa. 2012).  All of those three cases are chapter 11 cases.  They are not, however, chapter 11 subchapter V cases which has different language with regard to how to treat a secured creditor in a chapter 11 subchapter V plan.

Section 1191(a) of subchapter V states as follows:

> "(a)Terms.--The court <u>shall confirm a plan</u> under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met."

[Emphasis added.]

Thus, it is <u>mandatory</u> for a Bankruptcy Court to confirm a plan under subchapter V if all of the requirements of section 1129(a) other than paragraph 15 of that section are met.

Section 1191(b) of subchapter V states as follows:

> "(b)Exception.--Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, <u>shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan</u>."

[Emphasis added.]

Therefore, under the subsection b of 1191, it is <u>mandatory</u> and requires confirmation of the debtor's plan as long as the plan does not unfairly discriminate and is fair and equitable with respect to each class of claims and interest that is impaired and has not accepted the plan.

Section 1191(c)(1) states as follows:

> "(c) Rule of Construction – For purposes of this section, the condition that a plan be fair and equitable with respect to each class of claims or interests includes the following requirements:
>   (1) With respect to a class of secured claims, the plan meets the requirements of section 1129(b)(2)(A) of this title."

2

Section 1129(b)(2)(A) states as follows:

> "(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
> (A) With respect to a class of secured claims, the plan provides—
> (i)(I) <u>that the holders of such claims retain the liens securing such claims</u>, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments <u>totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan</u>, of at least the value of such holder's interest in the estate's interest in such property;
> (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
> (iii) for the realization by such holders of the indubitable equivalent of such claims."

[Emphasis added.]

Section 1129(a)(7)(a) which applies to subchapter V cases, states as follows:

> "(7) With respect to each impaired class of claims or interests—
> (A) each holder of a claim or interest of such class—
> (i) has accepted the plan; or
> (ii) <u>will receive or retain under the plan</u> on account of such claim or interest property of a value, as of the effective date of the plan, <u>that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;</u>"

[Emphasis added.]

Thus, it is mandatory that under subchapter V, as long as the secured creditor is receiving an amount that is not less than the creditor would receive or retain if liquidated under chapter 7

3

on the effective date of the plan, that the plan be confirmed even if the secured creditor does not accept the plan.

The brief of Universal Finance seems to include valuing the 1988 Mack Model R6880 ST, which was the subject of the February 5, 2024 order, a copy of which is attached hereto. It is my recollection that Universal Finance was giving up its security interest in this vehicle because it had a negligible value and was not operable. Now it seems from the memorandum filed by Universal that Universal is seeking to have the court fix a value of that vehicle also. It is the undersigned's position that Universal Finance gave up its security interest in the 1988 Mack.

## CONCLUSION

Therefore, the proper valuation of the vehicle (2016 Peterbilt Tri Axle Dump Truck) is the liquidation value on the effective date of the plan, and not the fair market value of the vehicle. It is also the position of the debtor that Universal Finance gave up its security interest in the 1988 Mack which was valued by Alan Atkins at $1,000.

Dated: September 9, 2024

Respectfully submitted,
KASEN & KASEN, P.C.

*/s/ David A. Kasen*
David A. Kasen, Esq.
Society Hill Office Park, Suite 3
1874 E. Marlton Pike
Cherry Hill, New Jersey 08003
Telephone: (856) 424-4144
Facsimile: (856) 424-7565
E-Mail: dkasen@kasenlaw.com
*Counsel to Debtor, James Pine & Son Trucking, LLC*